```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**EVEREST RAILCAR SERVICES, INC.**                                **PLAINTIFF**

          **v.**          **Civil No. 07-5001**

**BROWNER TURNOUT CO.**                                           **DEFENDANT**

## O R D E R

    Now on this 11th day of January, 2008, comes on for consideration **Plaintiff's Motion For Partial Summary Judgment** (document #16), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.  The plaintiff in this case, Everest Railcar Services, Inc. ("Everest") asks the Court to find that a partnership existed between it and the defendant Browner Turnout Co. ("Browner"); to determine the extent of the partnership interest of each party; and to order the winding up and dissolution of the partnership.

    Browner denies that a partnership exists.  It counterclaims against Everest, asking the Court "to determine the terms of the agreement between the parties" and require Everest to account for monies collected in connection with the business the two parties admittedly operated together.  It also seeks damages from Everest for the costs of replacing services said to be owed by Everest under the terms of their working agreement.

    Everest now moves for partial summary judgment on the issue of the existence *vel non* of a partnership between the parties, a

motion which Browner resists.

2. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3. Pursuant to **Local Rule 56.1**, the parties have filed statements of facts which they contend are not in dispute. From those statements, the following significant undisputed facts are made to appear:

* In 2002, Everest and Browner entered into an oral agreement to conduct business together. The nature of the business was that Browner would provide the financing for the purchase of railcars and Everest would provide "management

services" for those railcars.  Management services included locating railcars for purchase, acquiring them, leasing them, collecting revenues for their use, and servicing them.

   *   The parties also agreed that Everest would receive an interest in something (the "business venture" according to Everest, the railcars according to Browner) when the debt on the railcars was amortized, although the amount of that interest, and the basis for it (whether it was a partnership share or employee compensation) is debated.

   *   Between 2002 and 2007, over 300 railcars were acquired in connection with the oral agreement of the parties.

   4.  In this diversity case, the partnership issue is governed by Arkansas law. **Erie R.R. Co. v. Tompkins**, **304 U.S. 64 (1938)**. Arkansas law with regard to the formation of a partnership has been explained thus:

> Under Arkansas's Uniform Partnership Act, a partnership is defined as "an association of two (2) or more persons to carry on as *co-owners a business profit*." Similarly, this court has defined a partnership as "a voluntary contract between two or more competent persons to place their money, effects, labor, and skill, *or some or all of them*, in lawful commerce or business, with the understanding that there shall be a proportional sharing of the profits and losses between them."
>
> Although the entity known as a partnership may not always be defined with exact precision, the test for determining the existence of a partnership is well established. . . . [T]he primary test of a partnership between the parties is their actual intent to form and operate a partnership.  The existence of a partnership need be proved only by a preponderance of the evidence.

**Rigsby v. Rigsby**, 346 Ark. 337, 341-2, 57 S.W.3d 206, 209 **(2001)**(emphasis in original; citations omitted).

Formation of a partnership by statute actually occurs without regard to intent, according to **A.C.A. §4-46-202(a)**, but it does require co-ownership of a business.  Here, the parties agree that Browner owns the railcars, and that Everest will only acquire an interest - whether in the railcars or the business - when the debt against the railcars is amortized.  The Court, therefore, concludes that no statutory partnership was formed.

The question of whether a common law partnership was formed is different:  it turns largely on the issue of intent.  The submissions of the parties are such that the Court cannot say that the evidence points entirely toward one conclusion on that issue, and the motion must, therefore, be denied.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion For Partial Summary Judgment** (document #16) is **denied.**

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**